

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-81,772-02

### EX PARTE ANTHONY RAY DAVISON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 24451 IN THE 278TH DISTRICT COURT
### FROM WALKER COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered an open plea of guilty to burglary of a building, and was sentenced to twenty years' imprisonment. The Eleventh Court of Appeals dismissed his appeal because notice of appeal was not timely filed. *Davison v. State*, No. 11-10-00300-CR (Tex. App. – Eastland, December 16, 2010).

Applicant contends that his plea was involuntary because he was admonished as to the punishment range for the offense without enhancements, and stipulated only to the primary offense

but not to the enhancements. Applicant also alleges that his trial counsel rendered ineffective assistance because counsel knew that Applicant had been admonished as to and had stipulated to only the primary offense without enhancements, but did not object when a probation officer testified at the punishment hearing that Applicant had pleaded "true" to the enhancements. Applicant alleges that trial counsel was also ineffective for failing to object when the trial court sentenced Applicant to twenty years' imprisonment, when Applicant believed that he was pleading guilty only to a state jail felony. Applicant also alleges that trial counsel failed to file a timely notice of appeal in this case, although trial counsel did file timely notice of appeal in a companion case.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999); *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. Specifically, counsel shall state what advice she gave Applicant regarding his options for trial or plea. Counsel shall state whether she advised Applicant of the punishment range for the offense as enhanced, and why she did not object to the written admonishments, which contained the punishment range for the un-enhanced offense only. Trial counsel shall state whether she considered objecting when the probation officer testified that Applicant had pleaded "true" to the enhancements, and when the trial court imposed a sentence for the enhanced offense, after having admonished Applicant only as to the punishment range for the un-enhanced state jail felony offense. Trial counsel shall state why she filed notice of appeal in the companion case, but not in this case. The trial court may use any means set out in TEX. CODE CRIM.

PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall supplement the record with transcripts of the plea and sentencing proceedings in this case. The trial court shall make findings of fact and conclusions of law as to whether Applicant's open plea of guilty was knowingly and voluntarily entered. The trial court shall then make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall make findings as to whether Applicant was denied his right to a meaningful appeal because Applicant's counsel failed to timely file a notice of appeal. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: November 19, 2014
Do not publish